2. INSURANCE, § 397a*—*what losses covered by burglary policy.* A burglary policy insuring the owner of a hotel building against loss by robbery (commonly known as holdup) occasioned by felonious, violent and forcible abstraction of property from its office, counting room or store, where such loss was not occasioned by any employee and where the loss was brought about by violent and forcible means (commonly known as holdup), and where the premises were directly under the charge or care of at least two persons, must be construed as insuring the owner against loss occasioned by a forcible and violent abstraction of its property from its premises by breaking open a locked case back of a cashier's desk and cigar stand in which the cashier had placed a tin box filled with money during her temporary absence from her desk, and the liability for loss cannot be limited by the word "holdup" to a violent taking of the same under circumstances which would constitute robbery.

---

## Frances Goepper, Appellee, v. Travelers Insurance Company, Appellant.

### Gen. No. 23,065. (Not to be reported in full.)

Appeal from the City Court of Chicago Heights; the Hon. CHARLES H. BOWLES, Judge, presiding. Heard in this court at the March term, 1917. Affirmed. Opinion filed October 2, 1917. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by Frances Goepper, plaintiff, against the Travelers Insurance Company, defendant, to recover on an accident insurance policy upon the life of one Charles H. Goepper. From a judgment for plaintiff for $7,890, defendant appeals.

FRANK M. COX, for appellant; ABBOTT, HOOD, SMITH & GRIGGS, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

CHARLES C. SPENCER, for appellee.

MR. JUSTICE DEVER delivered the opinion of the court.

## Abstract of the Decision.

1. INSURANCE, § 189*—*when evidence insufficient to show cancellation of accident policy.* In an action on an accident insurance policy, where it appeared that defendant unsuccessfully attempted to substitute a similar policy bearing a new rate then in existence and failed to return the additional premium provided for in a rider granting additional insurance, as required thereby upon cancellation, and did not accept the tendered premium at the old rate, evidence *held* insufficient to show a cancellation of the policy.

2. INSURANCE, § 196*—*when evidence insufficient to show abandonment of accident policy by insured.* In an action on an accident insurance policy, where it appeared that insured, a few days before the expiration of the policy, tendered the premium at the rate required by the policy, instead of the new rate demanded by the agent, but stated to the agent at a subsequent time, when the latter tried to induce him to take insurance in another company, that he did not want to take any more insurance and that he had got accident insurance all out of his mind, evidence *held* insufficient to show an abandonment of the contract.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.